# IN RE CARVALHO.

---

PATENTS; APPEAL AND ERROR; ABANDONMENT.

1. The jurisdiction of this court to entertain appeals from the Commissioner of Patents is limited to two classes of cases: First, where an application for a patent has been finally rejected by the Commis-

D. C.]                          Opinion of the Court.

sioner: and, second, in an interference where the Commissioner has awarded priority of invention to one of the parties. (Following *Cosper* v. *Gold*, 34 App. D. C. 194, and *Re Fullagar*, 32 App. D. C. 222.)

2. This court is without jurisdiction to review the decision of the Commissioner of Patents refusing to reinstate an abandoned application for a patent. (Disapproving *Re Selden*, 36 App. D. C. 428; *Moore* v. *Heany*, 34 App. D. C. 31; and *Re Mattullath*, 38 App. D. C. 497, and following *Cosper* v. *Gold*, 34 App. D. C. 194, and *Re Fullagar*, 32 App. D. C. 222.)

No. 1148.   Patent Appeals.   Submitted March 12, 1918.   Decided April 1, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents refusing to reinstate an abandoned application.

*Dismissed.*

The facts are stated in the opinion.

*Mr. E. Clarkson Seward* for the appellant.

*Mr. Theodore A. Hostetler* for the Commissioner of Patents.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

More than two years after his application for a patent had been abandoned under sec. 4894, Revised Statutes, Comp. Stat. 1916, sec. 9438, Leslie R. N. Carvalho applied to the Commissioner of Patents to reinstate the application. This the Commissioner refused to do because the applicant failed to satisfy him in the language of the section just referred to that "the delay was unavoidable." Carvalho appeals. Our jurisdiction is questioned. The statutes bearing upon the subject are as follows:

"Sec. 4909. Every applicant for a patent or for the reissue of a patent any of the claims of which have been twice rejected, and every party to an interference, may appeal from the decision of the Primary Examiner, or of the Examiner in Charge

of Interferences in such case, to the Board of Examiners in Chief; having once paid the fee for such appeal.

"Sec. 4910. If such party is dissatisfied with the decision of the Examiners in Chief, he may, on payment of the fee prescribed, appeal to the Commissioner in person.

"Sec. 4911. If such party, except a party to an interference, is dissatisfied with the decision of the Commissioner, he may appeal to the Supreme Court of the District of Columbia sitting in banc." Revised Statutes, Comp. Stat. 1916, secs. 9454, 9455. The last section was superseded by the following:

"Sec. 9. That the determination of appeals from the decision of the Commissioner of Patents now vested in the general term of the Supreme Court of the District of Columbia, in pursuance of the provisions of sec. 780 of the Revised Statutes of the United States, relating to the District of Columbia, shall hereafter be and the same is hereby vested in the court of appeals created by this act; and, in addition, any party aggrieved by a decision of the Commissioner of Patents in any interference case may appeal therefrom to said court of appeals." 27 Stat. at L. 436, chap. 74, Comp. Stat. 1916, sec. 9456.

In an interference the power of the Commissioner is limited by sec. 4904, Revised Statutes, to the question of priority of invention. Therefore, our jurisdiction embraces but two classes of cases: First, where an application for a patent or the reissue of a patent has been twice rejected by the Primary Examiner, then by the Board of Examiners in Chief, and afterward by the Commissioner; and, second, where the Commissioner in an interference has awarded priority to one of the parties. It was so held by this court after a careful examination of the matter in *Cosper* v. *Gold,* 34 App. D. C. 194, 197, 198, and *Re Fullagar,* 32 App. D. C. 222. The appeal before us falls within neither class. True, the action of the Commissioner may in effect result in Carvalho's failure to get a patent; for it is possible that if he filed a new application, which he would have a right to do, he would encounter the bar of public use. This, however, is not a necessary result of the rule we announce, because in most cases a new application would save the applicant's rights. If it would not in any case, the result would be

due to the applicant's dilatoriness, not to the law. However that may be, Carvalho's application for a patent was not twice rejected by the Primary Examiner, nor was it ever passed upon by the Board of Examiners in Chief. Its rejection, therefore, is not one of those contemplated by sec. 4909.

For these reasons we are without jurisdiction to review the decision of the Commissioner. In reaching this conclusion we do not forget that this court announced a different doctrine in *Selden's Case,* 36 App. D. C. 428; *Moore* v. *Heany,* 34 App. D. C. 31, 39, and in *Mattullath's Case,* 38 App. D. C. 497. This doctrine, however, is not only inconsistent with the rulings in the *Cosper* and *Fullagar Cases,* but also with the quoted statutes, and is therefore disapproved. The appeal is dismissed.

*Dismissed.*

Mr. Justice McCoy, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this case, in the place of Mr. Justice ROBB.